**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CARL WOODS, | No. 11-35119 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00117-RSM |
| v. | |
| STATE OF WASHINGTON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted March 7, 2012
Seattle, Washington

Before: FERNANDEZ and PAEZ, Circuit Judges, and GWIN, District Judge.[**]

**1.** Appellant Carl Woods appeals the district court's grant of summary

judgment dismissing his claims against his employer, the University of

Washington ("University"), along with three co-workers and the State of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Washington (collectively, "Defendants"), for discrimination and retaliation in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Washington Law Against Discrimination, RCW 49.60 *et seq.* We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**2.** The district court did not abuse its discretion when it excluded evidence of the Defendants' misconduct that predated Woods' previous settlement with the University from being used as "context" for the instant claims. *See Nat'l Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997). The settlement agreement stipulates that Woods "completely releases" the University and its agents "from any and all liability that they may have relating to Carl Woods' employment with the University." Because the agreement released all claims "relating to" events from Woods' employment before the settlement, Woods is barred from relying on such events to establish his post-settlement claims, or as he argues, to provide "background" evidence of discriminatory intent.

**3.** At the heart of this case are Woods' retaliation and discrimination claims. Reviewing de novo the district court's grant of summary judgment on these claims, *see Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc), we hold that the district court did not err.

**4.**     The district court properly dismissed Woods' discrimination claims.[1] We are not persuaded that Woods has raised a triable fact as to whether he suffered an adverse employment action resulting from either the Formal Counseling or the Final Counseling.  Neither disciplinary action affected Woods' compensation, workplace conditions, responsibilities, or status as a lead painter.  *See Burlington Northern & Sante Fe Ry. Co. v. White* ("*Burlington*"), 548 U.S. 53, 62-63, 67 (2006).  While there is some evidence that an employee in Final Counseling forfeits his seniority for a temporary period, this does not change the result.  Even assuming the Final Counseling was an adverse action, Woods fails to raise any genuine issues of material fact regarding pretext.  He has adduced no direct or circumstantial evidence of discriminatory intent on the part of Defendants.  *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112-15 (9th Cir. 2011).  Notably, Woods has failed to show that Defendants disparately treated him in comparison to similarly situated employees outside Woods' protected class.

**5.**     The district court also properly dismissed Woods' retaliation claims.  As a preliminary matter, Woods' sexual harassment complaint against his subordinate, Schlieman, did not constitute protected activity because it was unreasonable for

---

[1]  We only consider claims that Woods properly raised in the district court and on appeal.  *See USA Petroleum Co. v. Atlantic Richfield Co.*, 13 F.3d 1276, 1284 (9th Cir. 1994); Fed. R. App. P. 28(a)(9)(A).

Woods to believe that Schlieman's comments constituted an unlawful employment practice under Title VII. *See Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994). Next, assuming Woods' 2006 lawsuit against the University was a protected activity, he did not suffer an adverse action as a result. Woods contends that his supervisor, Frankenhauser, retaliated by refusing to remedy repeated acts of insubordination displayed by Schlieman. We cannot say that this "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 67-68 (internal quotation marks omitted). Even assuming that Frankenhauser's failure to respond was an adverse action, Woods has failed to develop a triable issue regarding causation. Eight months had elapsed between the time Woods filed his prior lawsuit in January 2006, and the first instance of alleged retaliation in August 2006. This eight-month interval does not permit an inference of causation. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002).

**6.** Because Woods failed to raise a genuine issue of material fact regarding the foregoing elements of his discrimination and retaliation claims, the district court properly granted summary judgment for Defendants.

**AFFIRMED**.